IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES C. JUSTICE COMPANIES, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 7:14cv170 ) |
| XCOAL ENERGY & RESOURCES., et al., | ) ) ) By:   Michael F. Urbanski ) United States District Judge |
| Defendants | ) |

## ORDER

Upon the passing of the late Senior United States District Judge James C. Turk, this case was transferred to me on July 8, 2014.  The next day, July 9, 2014, I referred all non-dispositive motions in this case to United States Magistrate Judge Robert S. Ballou pursuant to 28 U.S.C. § 636(b)(1)(A).  I also referred all dispositive motions to Judge Ballou for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After briefing and argument, on February 9, 2015, Judge Ballou issued a Report and Recommendation recommending that the court grant defendant's motion to transfer this case to the United States District Court for the District of Delaware and deny plaintiffs' motion for leave to amend to add a futile fraud in the inducement claim.  Plaintiffs object to both recommendations.

Upon review of the pleadings, briefs and the Report and Recommendation, it is clear that the claims in this case do not arise out of a failure to meet the terms of the Mutual Release.  Rather, as the magistrate judge correctly concluded, the crux of this dispute concerns alleged failings of the defendants arising under the Coal Supply Agreement.  As such, the magistrate judge correctly concluded that the case must be transferred to the United States District Court for the District of

Delaware under the forum selection clause in the Coal Supply Agreement.[1]  Moreover, as another case raising these same issues already pends in federal court in Delaware, the interests of justice are served by its transfer there.  See 28 U.S.C. § 1404(a).  As the recommendation of the magistrate judge to transfer this case to the United States District Court for the District of Delaware was plainly correct, the court adopts the Report and Recommendation as to the transfer motion and **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the District of Delaware.

Because this case is being transferred to the District of Delaware, the court will not take up that portion of the objection relating to the magistrate judge's recommendation that leave to amend to add a claim for fraud in the inducement be denied as futile.  Plaintiffs are free to move to amend their complaint in the District of Delaware.  Plaintiffs' Motion for Leave to file Amended Complaint, Dkt. No. 49, is therefore **DENIED** without prejudice.

Accordingly, the Motion to Transfer Venue, Dkt. No. 23, is **GRANTED** and the case be, and hereby is, **TRANSFERRED** to the United States District Court for the District of Delaware for all further proceedings.

Entered:  March 26, 2015

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[1] As a nondispositive motion, the magistrate judge's decision to transfer venue is subject to review by the district court under the clearly erroneous or contrary to law standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  Dispositive motions addressed on a report and recommendation are subject to de novo review under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).  Under either standard, Judge Ballou's decision to transfer this case is correct.